UNITED STATES *v.* STERN CO. ET AL. (No. 2921)[1]

United States Court of Customs Appeals, November 14, 1927

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter* and *W. Roger Hunt*, special attorneys, of counsel), for the United States.
No appearance for appellees.

[Oral argument October 14, 1927, by Mr. Carter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, and HATFIELD, Associate Judges, BLAND, Associate Judge, participating in the decision by agreement of counsel

BARBER, Judge, delivered the opinion of the court:

Four protests are involved in this case. The merchandise is represented by one sample, it appearing that it is typical of all the importations. There is no appearance, or brief or argument in this court on behalf of importers. The entries were made at the port

[1] T. D. 42467.

of Los Angeles. The merchandise covered by protests 86133–G and 86108–G was classified and assessed for duty at 60 per centum ad valorem as artificial leaves under paragraph 1419 of the Tariff Act of 1922. That covered by the other two protests, 79627–G and 137171–G, was classified and assessed at 40 per centum ad valorem under paragraph 1022 of the act, as floor coverings not specially provided for. The imported articles are referred to in the record as mats.

At the hearing before the Customs Court the only witness who testified, the acting appraiser at Los Angeles, was called by importers. The material part of his testimony was the identification of the typical sample, which he described as consisting of "imitation grass blades made from raffia sewn to a background or foundation of burlap." He stated some reasons why the merchandise covered by the first two protests was classified as artificial leaves; that the reason why the other two were classified as floor coverings not specially provided for under paragraph 1022 was because there was "a clash between this office and the appraiser at New York as to the correct classification of the merchandise," and that at New York they were classifying such merchandise as a manufacture of raffia under paragraph 1439. Answering a question as to whether these mats were used for floor covering he said:

As far as being used for floor covering as a matter of utility, no. As far as being used for floor covering in covering a stage set or in putting a covering on a floor in a show window, yes.

Numerous claims were made in the various protests, but all included a claim for classification as a nonenumerated manufactured article under paragraph 1459 of the act.

Importers' counsel, at the trial before the court below, seems to have relied mainly upon the claim that raffia was the component material of chief value of these mats and, therefore, that they were dutiable at 25 per centum ad valorem under paragraph 1439.

It was agreed that the representative sample should be sent to New York for analysis as to the component material of chief value, and that the analyst's return should become a part of the record in the case. It was done. The return showed it was composed of "cotton thread in the raw * * * jute cloth in the raw * * * raffia in the raw." The return further states:

| Proportion of value: | Per cent |
|---|---|
| Cotton | |
| Jute cloth | 61. 87 |
| Raffia | 38. 13 |
| | 100. 00 |

Jute cloth chief value.

· The Customs Court, with reason, criticized the manner in which the case was tried. Among other things it also said:

> The mere fact that the report of the analyst shows that the merchandise is in chief value of jute cloth serves no purpose in fixing its classification, since there is no provision in the tariff act for manufactures in chief value of jute.
>
> Neither of the rates of duty assessed by the collector have any lawful justification. If this covering was in chief value of raffia made into the form of blades or leaves or grass, the 60 per cent rate might be justified, but since the covering is not in chief value of artificial grass the provision of paragraph 1419 can not be held to apply, and as there is no proof that the merchandise is fitted for or has been used as floor covering the assessment as such at the rate of 40 per cent under paragraph 1022 was equally unwarranted.
>
> Protestants make claim that the merchandise is subject to duty at 20 per cent ad valorem under the provision of paragraph 1459 of the existing tariff law as a nonenumerated manufactured article, and on the record, the best conclusion that can be reached is that that claim should be sustained.

The Government does not challenge any express or implied finding of fact made by the Customs Court. Its sole contention is, that these mats should have been classified and assessed at 40 per centum ad valorem under the provision in paragraph 1021 for—

> manufactures of vegetable fiber other than cotton, or of which such fibers or any of them is the component material of chief value, not specially provided for—

pointing out, as is true, that it is established, and we have held, that jute is a vegetable fiber. It asks that the judgment below be reversed "without affirming the action of the collector in making the classification herein."

But we think the Government overlooks the fact that there is nothing in the record which shows that jude fiber is the component material of chief value. It is true jute cloth may be such, but jute cloth is not jute fiber, although composed thereof. The value of the jute cloth, of course, includes the cost of fabrication, but whether the jute fiber which went into the cloth was of greater or less value than the raffia, the record does not disclose.

The court below having found, as a fact, that the importations were not in chief value of raffia, and, by necessary implication, that the mats were not fitted for or used as floor coverings, which findings are not challenged by the Government, we think, as did the court below, that the "best conclusion that can be reached" is to sustain the protests claiming classification under paragraph 1459 as a nonenumerated manufactured article.

The judgment of the first division of the Customs Court is *affirmed*.